UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJAN BARNES,<br><br>       Plaintiff,<br><br>  - against -<br><br>CITY OF NEW YORK; POLICE OFFICER KEVIN FRANCO, Shield No. 21121, POLICE OFFICER FRANK LAUREANO, Shield No. 23664, and JOHN/JANE DOES, Shield Nos. Unknown,<br><br>       Defendants. | **15-CV-5433 (JPO)**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Rajan Barnes, by his attorneys Braverman Law PC, for his Complaint, alleges as follows:

## INTRODUCTION

  1. Plaintiff Rajan Barnes brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights.  More specifically, on or about February 18, 2015, at approximately 11:45 p.m., defendants Police Officer Kevin Franco ("Franco"), Shield No. 21121, Police Officer Frank Laureano ("Laureano"), Shield No. 23664 and Police Officers John/Jane Does, all members of the New York City Police Department ("NYPD"), falsely arrested Mr. Barnes.  Moreover, certain of the defendants used unnecessary and excessive force during the course of Mr. Barnes' arrest, and furthermore, failed to intervene on behalf of Mr. Barnes.

## JURISDICTION AND VENUE

  2. Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as plaintiff's claim arises under federal law.  Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to

plaintiff's claims arising under the common law of the State of New York.

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper as the events or omissions giving rise to plaintiff's claims occurred in the Borough of Manhattan, City of New York, County of New York.

## PARTIES

4.      Plaintiff Barnes currently resides in Orlando, Florida. At the time the events set forth here occurred, he resided in the State of New York, New York City.

5.      Defendants P.O. Franco and P.O. Laureano were, at all times relevant herein, members of the NYPD. Upon information and belief, at all times relevant herein, they were assigned to Police Service Area 6 at 2770 Frederick Douglass Avenue, Manhattan, New York ("PSA6").

6.      Upon information and belief, defendants P.O. Franco and P.O. Laureano are still members of the NYPD. At all times relevant herein, defendants P.O. Franco and and P.O. Laureano were acting within the scope of their employment and under color of law.

7.      Defendant P.O. John/Jane Does, shield nos. unknown, were, upon information and belief, members of the NYPD.  Upon further information and belief, at all times relevant herein, they were assigned to PSA6.  At all relevant times herein, defendant P.O. John/Jane Does were acting within the scope of their employment and under color of law.

8.      Defendant New York City is a municipal corporation located in New York County, State of New York.  It is organized pursuant to the laws of the State of New

York.  It has all the powers vested in it by the laws of the State of New York, the City of New York and the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

ADMINISTRATIVE PREREQUISITES

9. On or about March 8, 2015, Mr. Barnes, through his mother, filed a timely Notice of Claim with defendant New York City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his arrest.  The Notice of Claim also alleged the use of excessive force against Mr. Barnes.

10. At the time the Notice of Claim was filed, Mr. Barnes was an infant.  Now, however, Mr. Barnes is no longer an infant.

11. On December 21, 2015, the City of New York conducted a hearing pursuant to General Municipal Law Section 50-h.

12. At least thirty days have elapsed since said Notice of Claim and adjustment or payment thereof has been neglected or refused.  This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

FACTS UNDERLYING THE COMPLAINT

13. On February 18, 2015, at approximately 11:45 p.m., Mr. Barnes was walking back from the store with his girlfriend.  He was in the housing unit where he lived, located at 2430 Adam Clayton Powell Boulevard, walking down the hallway toward his apartment. He was returning from the store where he had bought certain items at the request of his mother.

14. Defendants P.O. Franco and P.O. Laureano stopped Mr. Barnes and his girlfriend. They then arrested him. Mr. Barnes did not at any time, either before or during his interactions with the defendants, engage in any conduct giving rise to probable cause to arrest him.

15. During the course of Mr. Barnes's arrest, defendants P.O. Franco and P.O. Laureano pushed him against the wall, and wrenched his right arm behind his back. At the same time, defendant P.O. Franco squeezed Mr. Barnes' right hand and wrist. Mr. Barnes was in so much pain that he began screaming. Despite this, defendant P.O. Franco became more aggressive, continuing to squeeze and wrench Mr. Barnes' hand and wrist. Mr. Barnes kept repeating that he was being hurt and pleaded with P.O. Franco to release him. He was screaming so loudly that all the neighbors came out to see what was happening. At this point, defendant P.O. Laureano disengaged from Barnes to speak with the onlookers. Defendant P.O. Franco appeared to be enraged and kept grasping Mr. Barnes' right hand and wrist with great force.

16. During this time, defendant P.O. Franco's partner, defendant P.O. Laureano, stood by and watched while P.O. Franco kept applying pressure to Mr. Barnes. The whole time Mr. Barnes kept screaming and begging P.O. Franco to release his hand. By the time defendant P.O. Franco finally let go, Mr. Barnes had sustained serious injuries to his right hand.

17. The use of force by defendants P.O. Franco and P.O. Laureano to effectuate the arrest of Mr. Barnes was without any justification. Prior to their use of force, Mr. Barnes did not give them any reason to use excessive force. He did not

attempt to use force or try to resist the efforts to arrest him.

19. Following his arrest, Mr. Barnes was taken to the PSA6 precinct.

19. At no time did defendant P.O. Franco or any other member of the NYPD tell Mr. Barnes why he was under arrest.

20. While Mr. Barnes was confined at the PSA6 precinct, he experienced severe pain in his right hand.

21. At approximately 2:30 a.m. on February 19, 2015, Mr. Barnes was transferred from PSA6 to Central Booking.

22. While at Central Booking, Mr. Barnes continued to experience pain in his right hand.

23. After a number of hours, Mr. Barnes was told, upon information and belief, that all charges against him had been dismissed. At approximately 7:30 p.m. on February 19, 2015, he was released from Central Booking.

24. Mr. Barnes immediately proceeded to seek treatment for his injuries. It was discovered that his right hand had been injured during the course of his arrest, in addition to other possible injuries.

FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983–False Arrest)

25. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

26. On or about February 18, 2015, defendants P.O. Franco, P.O. Laureano and P.O. John/Jane Does were involved in the arrest of Mr. Barnes.

27. The individual defendants did not have probable cause to believe that Mr. Barnes had committed any crime. Put simply, Mr. Barnes did not engage in any conduct that warranted his arrest and detention.

28. As a result of the defendants' conduct, Mr. Barnes was detained, and at all times he knew he was detained. Moreover, Mr. Barnes did not consent to his confinement.

29. Because the individual defendants did not have probable cause to believe that Mr. Barnes had committed a crime, his arrest was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

30. As a direct result of his arrest by the individual defendants, Mr. Barnes suffered and continues to suffer physical injuries. Moreover, as a result of his arrest, Mr. Barnes suffered, and continues to suffer, psychological harm.

SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983 -- Excessive Force)

31. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

32. On or about February 18, 2015, defendants P.O. Franco, P.O. Laureano and P.O. John/Jane Does were involved in the arrest of Mr. Barnes.

33. In effectuating his arrest, defendants P.O. Franco, P.O. Laureano and the other individual defendants used more force than was necessary.

34. As the behavior of Mr. Barnes provided no justification for the defendants' conduct, their actions were unreasonable within the meaning of the Fourth and

Fourteenth Amendments to the United States Constitution.

35. As a direct result of his arrests by the individual defendants, Mr. Barnes suffered and continues to suffer physical injuries. Moreover, as a result of his arrest, Mr. Barnes suffered, and continues to suffer, psychological harm.

THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 -- Failure to Intervene)

36. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

37. At all times relevant herein, defendant P.O. Laureano and other individual defendants knew, or should have known, that no basis existed for the arrest of Mr. Barnes and that excessive force was applied against Mr. Barnes during the course of his baseless arrest.

38. More than enough time existed for defendant P.O. Laureano and other individual defendants to intervene and to halt, or attempt to stop, the respective defendants' behavior in falsely arresting Mr. Barnes and applying excessive force against him during such arrest.

39. Nonetheless, the respective defendants stood idly by while they witnessed the unlawful treatment of Mr. Barnes.

40. The conduct of defendants violated Mr. Barnes' rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

41. Because of these defendants' failure to intervene, Mr. Barnes suffered physical and psychological injuries, and continues to suffer psychological injuries.

## FOURTH CLAIM FOR RELIEF
(State Law -- False Arrest)

42. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

43. On February 18, 2015, defendants P.O. Franco, P.O. Laureano and P.O. John/Jane Does were involved in the arrest of Mr. Barnes.

44. The individual defendants did not have probable cause to believe that Mr. Barnes had committed any crime. Put simply, Mr. Barnes did not engage in any conduct that warranted his arrest and detention.

45. As a result of the defendants' conduct, Mr. Barnes was detained, and at all times he knew he was detained. Moreover, Mr. Barnes did not consent to his confinement.

46. Because the defendants did not have probable cause to believe that Mr. Barnes had committed a crime, no legal justification existed for his arrest.

47. The individual defendants were agents of defendant City of New York and were at all relevant times acting within the scope of their employment.

48. As a result of the defendant officers' conduct, Mr. Barnes suffered physical and psychological injury, and continues to suffer psychological harm.

49. As the employer of the individual defendants, defendant City of New York is responsible for Mr. Barnes' injuries under the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF
(State Law -- Battery)

50. Plaintiff repeats and realleges the allegations contained in the foregoing

paragraphs as if fully set forth herein.

51.     On February 18, 2015, defendants P.O. Franco, P.O. Laureano and P.O. John/Jane Does intentionally and without legal justification struck Mr. Barnes in a harmful and offensive manner.

52.     Mr. Barnes did not consent or authorize defendant to touch him this way.

53.     The individual defendants were agents of defendant City of New York and were at all relevant times acting within the scope of their employment.

54.     As a result of the defendants' conduct, Mr. Barnes suffered physical and psychological injury, and continues to suffer psychological harm.

55.     As the employer of the individual defendant, defendant City of New York is responsible for the injuries Mr. Barnes suffered at the hands of defendants P.O. Franco, P.O. Laureano and P.O. John/Jane Does pursuant to the doctrine of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

56.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

(a)     compensatory damages in an amount to be determined at trial;

(b)     punitive damages in an amount to be determined at trial;

(c)     reasonable attorneys' fees;

(d)     costs and expenses; and

(e)    such other and further relief as is just and proper.

Dated:    New York, New York
         January 7, 2016

                              BRAVERMAN LAW PC

                              By: _____

                              450 Seventh Avenue, 13th Floor
                              New York, New York 10123
                              (212) 206-8166
                              abraverman@bravermanpc.com